UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No.: CV 04-4227-GHK(RNBx)　　　　Date: July 5, 2005

Title:　　Dennis Layton v. Int'l Ass'n of Machinists & Aerospace Workers, et al.

========================================================================
DOCKET ENTRY
========================================================================

PRESENT:　Hon. <u>George H. King</u>, United States District Judge

| <u>Beatrice Herrera</u> | <u>None</u> |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:　　ATTORNEYS PRESENT FOR DEFENDANTS:

None　　　　　　　　　　　　　　　　None

**PROCEEDINGS:**　Defendants' Motions for Summary Judgment; Order to Show Cause

　　　On June 30, Plaintiff Dennis Layton lodged an untimely opposition to Defendants' motions for summary judgment, noticed for hearing on July 11, 2005. Plaintiff's opposition should have been filed no later than June 27, 2005. <u>See</u> L.R. 7-9. Plaintiff did not request or receive any extension of time prior to filing this document; moreover, he offered no explanation for his failure to abide by the filing deadline set forth in the L.R. 7-9.

　　　Plaintiff's counsel, Mr. Streeter, has a history in this action of failing to abide by the procedures set forth in the Local Rules and Federal Rules of Civil Procedure. He failed to comply with L.R. 7-3 in his first motion before this court, a motion for remand. In our order dated January 10, 2005, we warned "in the strongest possible terms that in the future, the court may decline to consider any papers filed that are not in compliance with <u>all</u> applicable Local Rules." (Order, 1/10/05). Despite our warning, problems persisted. On February 22, 2005, Magistrate Judge Block sanctioned Mr. Streeter in the amount of $1,850 for failing to comply with the discovery obligations mandated by the Federal Rules of Civil Procedure. (Mag. Judge's Order, 2/22/05). We overruled Mr. Streeter's objections to these sanctions on March 9, 2005 and affirmed Judge Block's order in full. Despite these sanctions, however, Mr. Streeter continued

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

72

to flout this court's procedural rules. On April 11, 2005, based on continuing failure to comply with discovery obligations, we ordered Mr. Streeter to attend ten hours of continuing legal education in the areas of (1) management of a law practice by a sole practitioner and (2) federal civil procedure. Unfortunately, our warnings and sanctions appear to have gone unheeded, as Mr. Streeter now once again disregards mandatory procedural requirements by filing his opposition brief three days late, as though the deadline were a mere "suggestion."

We also note that despite <u>already</u> being late, Plaintiff's opposition references a "Statement of Objection to Evidence and argument at hearing." (Opp. at 3, line 10). We are aware of no such Statement of Objection to Evidence having yet been filed. At this point, we will not entertain any subsequent filings from Plaintiff regarding these motions. Plaintiff's evidentiary objections were due at the same time as his opposition brief. Accordingly, Plaintiff's evidentiary objections to Defendant's evidence in support of summary judgment shall be **DEEMED WAIVED** if the objections are not already on file with the court.

Similarly, Plaintiff's attempted reservation of "all rights to seek relief to file a supplemental memorandum" (Opp. at 1, line 24-25) is improper. We will not consider any "supplemental" arguments in opposition to this motion that were not made in the briefing filed on June 30, 2005. While we will exercise our discretion to consider those arguments raised in the late filing, we decline to entertain any "supplemental" briefing from Plaintiff.

In light of Plaintiff's untimely filing, we hereby **ORDER** as follows:

1. Plaintiff's opposition shall be **DEEMED FILED** on the date it was lodged.

2. We construe Plaintiff's statement in the opposition of his intent to dismiss Defendant District Lodge 947 from this action (Opp. at 2, lines 3-8) as a request for such dismissal. The request is **GRANTED**, and Defendant District Lodge 947 is hereby **DISMISSED**.

3. In light of the dismissal of District Lodge 947, we hereby **DENY** District Lodge 947's motion for summary judgment as **MOOT**.

2

4. Defendant I.A.M.A.W.'s motion for summary judgment, noticed for hearing on July 11, 2005, shall be **TAKEN OFF CALENDAR**. This motion shall be **RESCHEDULED** for hearing on July 18, 2005, at 9:30 A.M., at the same location previously noticed.

5. Defendant I.A.M.A.W.'s time to file a reply brief shall be **EXTENDED to July 11, 2005.**

6. Plaintiff's counsel, Mr. Streeter, is hereby **ORDERED TO SHOW CAUSE in writing by July 18, 2005** why he should not be sanctioned, held in contempt, or in the alternative, reported to the State Bar for his persistent failure to abide by applicable Local Rules and comply with his obligations under the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

**MINUTES FORM 11**
**CIVIL-GEN**                                Initials of Deputy Clerk _____